Crules R. CHEEK, as trustee in bankruptcy for the estate of P. W. M. Aircraft Supplies, Inc., a California corporation, fdba P & W Aircraft Supply, Bankrupt, Plaintiff,

v.

CAINE & WEINER COMPANY, Inc., a corporation, and Avnet Electronics, Defendants.

No. 71–647.

United States District Court,
C. D. California.

Nov. 10, 1971.

Craig, Weller & Laugharn, by Robert A. Fisher, Los Angeles, Cal., for plaintiff.

E. Stuart Meyers, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

WHELAN, District Judge.

In this action, the case came on for trial on the issue as to whether or not defendant Caine & Weiner Company, Inc., a corporation, was a secured creditor more than four months prior to the filing of a voluntary petition in bankruptcy by P.W.M. Aircraft Supplies,

Inc., a corporation only. The parties stipulated that the trial might be so bifurcated. The parties at the time of trial entered into a stipulation of facts, and exhibits attached to the pretrial conference order were received in evidence.

Plaintiff is trustee in bankruptcy for the bankrupt estate of P.W.M. Aircraft Supplies, Inc. On June 2, 1970, defendant Avnet Electronics assigned to defendant Caine & Weiner Company, Inc. for collection, all of Avnet Electronics' right, title and interest in and to a claim which Avnet then had against P.W.M. Aircraft Supplies, Inc. in the amount of $12,956.53 plus interest thereon, which claim was for goods sold and delivered by Avnet to P.W.M. Aircraft Supplies, Inc. on open account in December 1969. On July 16, 1970, Caine & Weiner Company, Inc. had brought a legal action against P.W.M. Aircraft Supplies, Inc. upon such claim, and on July 16, 1970, the latter two parties entered into a stipulation whereby it was agreed that Caine & Weiner Company, Inc. should have judgment against P.W.M. Aircraft Supplies, Inc. in the total sum of $13,593.58.

On July 17, 1970, P.W.M. Aircraft Supplies, Inc. and Caine & Weiner Company, Inc. signed a financing statement which was filed on July 20 with the California Secretary of State. Such financing statement is marked Exhibit B and attached to the pretrial conference order. The financing statement disclosed the address of P.W.M. Aircraft Supplies, Inc. as well as the address of Caine & Weiner Company, Inc. The financing statement covered the tools, machinery, equipment and office equipment, tanks, pumps, located at 1326 West Brooks, Ontario, California, and Chino Airport, Chino, California, which were stated in the financing statement to be the addresses of P.W.M. Aircraft Supplies, Inc. The financing statement states that it covers the list of tools, machinery, equipment and office equipment, tanks, pumps, on an attached list, which attached list is a part of such Exhibit B. The list shows the location of certain of the items of property to be at 1326 West Brooks St., Ontario, California, and lists the items of property located at Fire Base, Chino Airport, California.

The financing statement includes the following language: "This document is also intended to be a security agreement."

The petition in bankruptcy filed by P.W.M. Aircraft Supplies, Inc. was filed on December 22, 1970. The stipulation for judgment and the filing of the financing statement thus occurred more than four months prior to the filing of the petition in bankruptcy. However, the monies paid to Caine & Weiner Company, Inc. were paid within four months prior to the filing of the bankruptcy petition. Thus the important question here is whether or not a security agreement was here in fact made. If there was in fact a valid security agreement, then the plaintiff is not entitled to recover anything in this action, for if the defendant Caine & Weiner Company, Inc. was in fact a secured creditor, the defendants did not obtain a greater percentage of their claim than any other creditor of the bankrupt of the same class.

It is the opinion of this Court that the financing statement together with the stipulation for judgment is sufficient as a security agreement and is therefore sufficient to grant a priority to defendants as secured creditors at the time of the payments made.

This Court, in another case on a petition for review of the order of a Referee in the matter of Center Auto Parts, a partnership bankrupt, bankruptcy case number 214,187–FW, ruled on August 23, 1968, that a financing statement together with a promissory note, which note read, inter alia, "This note is secured by a certain financing statement", constituted a valid security agreement as defined in Section 9105(h) of the California Commercial Code, even though the financing statement filed in the office of the Secretary of State did not contain the debtor's grant of security interest.

In the instant case, the facts clearly establish that a security interest was granted by the debtor P.W.M. Aircraft Supplies, Inc. The financing statement is signed by the debtor and contains a clear and concise description of the property covered by the agreement, and it identifies the places at which the particular items of property may be found and it identifies the name of the secured party whereat it could be determined the amount of the obligation secured; and the document clearly states that it is "also intended to be a security agreement." The latter statement is a part of the document which was thereafter signed by the President of P.W.M. Aircraft Supplies, Inc.

The three questions which must be answered in the affirmative in order to allow defendants to stand as secured creditors are as follows: (1) Has the agreement been signed by the debtor? (2) Is it a security agreement? (3) Does it contain a description of the collateral?

As heretofore noted, the agreement was signed by the debtor; the financing agreement does create or provide for a security interest as required by Section 9105(h) of the Commercial Code; and the collateral is described in the financing statement and security agreement as required by Section 9110 of the Commercial Code.

Thus each of the requirements have been met and this Court rules that there was here a valid security agreement which created a security interest in Caine & Weiner Company, Inc. as assignee for collection of Avnet Electronics. In accordance therewith, the Court rules that the payments made to defendants during the four month period prior to the filing of the petition in bankruptcy by P.W.M. Aircraft Supplies, Inc. did not enable defendants, secured creditors, to have and obtain a greater percentage of their claim than any other creditor of such bankrupt of the same class. Accordingly, plaintiff is not entitled to recover anything from defendants and defendants are entitled to their costs of suit herein. Because of this ruling, there is no trial necessary on other issues raised by the parties in the action.

The foregoing constitutes the findings of fact and conclusions of law of the Court. Judgment will be entered accordingly but no judgment shall be entered until the Court signs and files its formal written judgment.